IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**RANDY THOMAS SOWELL,**

    **Petitioner,**

v.                                                           **Civil Action No. 1:09cv34**
                                                                                   **(Judge Keeley)**

**KUMA J. DEBOO, Warden,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

On February 24, 2009, the *pro se* petitioner, a federal inmate formerly incarcerated at the Federal Correctional Institution ("FCI") Gilmer, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. (Dckt. 1). On March 17, 2009, the undersigned directed the respondent to show cause why the writ should not be granted. (Dckt. 8). On April 10, 2009, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Response to Order to Show Cause. (Dckt. 12). Because the petitioner is proceeding *pro se*, the Court issued a <u>Roseboro</u> Notice on April 15, 2009. (Dckt. 14). Petitioner filed a response to the respondent's Motion to Dismiss on May 16, 2009. (Dckt. 16). Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 83.09.

### II. Factual and Procedural History

On May 9, 2006, the petitioner was sentenced by the United States District Court for the Middle District of North Carolina to a 53 month term of imprisonment for violation of 18 U.S.C. § 371, "Conspiracy to Make, Possess and Utter Counterfeit Securities" and 18 U.S.C. § 513(a) and (2), "Possessing and Uttering Counterfeit Securities." (Dckt. 13 at Ex. 1). This judgment, recorded

June 22, 2006, included an order to pay a $300.00 special assessment and $130,634.33 in restitution. *Id*.

The sentencing court ordered that these monetary penalties be paid through a "lump sum payment of $300.00, due immediately, balance due . . . [by] [p]ayment in monthly installments of $100.00 to commence 60 days after release from imprisonment to a term of supervision." *Id*. at Ex. 1, Att. A, p. 6. The judgment also contained the following language with regard to the criminal monetary penalties:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of the Court . . . , unless otherwise directed by the court, the probation officer, or the United States Attorney.

*Id*.

On November 30, 2007, the sentencing court entered an Amended Judgment in a Criminal Case for the petitioner in order to correct a clerical error. *Id*. at Ex. 1, Att. B, p. 1. While the specific details of sentencing remained the same, the petitioner's amended judgment added the petitioner's co-defendant as being jointly and severally liable for the restitution. *Id*. at Ex. 1, Att. B, p. 6. In addition, the following sentence was added to the end of the paragraph quoted above regarding the payment of criminal monetary penalties: "Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties." *Id*.

Upon commencing his incarceration at FCI Butner, the petitioner began the repayment of his monetary penalties through his enrollment in the Inmate Financial Responsibility Program ("I.F.R.P."). (Dckt. 1 at Ex. 3). Through this program, the petitioner made five payments totaling $300.00, thereby satisfying the sentencing court's first obligation: the payment of the Special Assessment. (Dckt. 13 at Ex. 1, Att. C). Despite the completion of this first obligation of

repayment, the petitioner continued to participate in the I.F.R.P. and allowed nine additional payments to be taken from his account and assigned to his second repayment obligation: victim restitution. *Id*. at Ex. 1, Att. D. Further, petitioner made two additional payments in June 2008 and September 2008 after his transfer to FCI Gilmer on March 11, 2008. (Dckt. 13 at Ex. 1). In all, the petitioner's I.F.R.P. payments toward his restitution obligation totaled $631.54. *Id*. at Ex. 1, Att. D. After the last payment in September of 2008, petitioner requested to be taken off the I.F.R.P (Dckt. 1). Upon processing this request and reviewing the language of his Judgment, FCI Gilmer Unit staff placed the petitioner on I.F.R.P. exempt status. (Dckt. 13 at Ex. 1).

On March 20, 2009, petitioner was released to a Residential Re-entry Center. *Id*. Petitioner has a current projected release date via good conduct time of August 16, 2009. *Id*.

### III. <u>Contentions of the Parties</u>

**A. <u>The Petitioner's Habeas Corpus Application</u>**

In the petition, the petitioner asserts that the District Court, in adding the petitioner's co-defendant as jointly and severely liable for the restitution damages, exceeded its authority by essentially modifying his criminal judgment. The petitioner asserts that this unauthorized "clarification" to the judgment with respect to the payment of restitution should be vacated and remanded to the sentencing court.

In addition, petitioner also seeks the reimbursement of the $613.54 paid toward his second restitution obligation. Petitioner asserts that these funds were improperly taken through his participation in the I.F.R.P. because, after his immediate payment of the $300.00 special assessment fee, the court did not require the petitioner to begin payment of the restitution payments until 60 days after his release from imprisonment. Petitioner further asserts that after satisfying the special

assessment payment, he inquired with staff at FCI Butner about leaving the I.F.R.P. and was told that if he left the program he would "be placed on refusal status and expelled out of R.D.A.P [Residential Drug Abuse Treatment Program]." (Dckt. 1). Petitioner asserts that he has exhausted administrative remedies in regards to this matter.

## B. The Respondent's Response and Motion to Dismiss

In the response, the respondent first asserts the petitioner is challenging the imposition of his sentence, rather than the execution of his sentence. As such, petitioner's claim should be pursued under 28 U.S.C. § 2255 and is improperly brought under § 2241. Second, the respondent asserts that the I.F.R.P. is a voluntary program for inmates to meet their legitimate financial obligations. By continuing to participate in the program in order to avoid certain consequences, the respondent asserts that the petitioner knew that the payments were being taken from his account and thus is not now entitled to reimbursement of these funds. Additionally, the respondent asserts that monetary relief is not an available remedy under 28 U.S.C. § 2241. Accordingly, the respondent contends that the petition should be denied and dismissed with prejudice.

## IV. Analysis

### A. Judgment "Clarification" Issue

In his petition, the petitioner is attacking the validity of the amended sentence of the District Court rather than the means of execution of the sentence. By alleging that the District Court was without authority to "amend his judgment" and requesting that this Court, "vacate and remand the District Court's opinion 'clarifying' his judgment with respect to the payment of the restitution," the petitioner is challenging the imposition of his sentence, rather than its execution. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges

4

a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective.[1] The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

In the instant case, petitioner does not meet any of the Jones requirements. Because

---

[1] A federal prisoner may seek relief under 28 U.S.C. §2241 when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

petitioner is challenging the validity of his conviction and sentence, and §2255 is not an inadequate remedy, his claims should be brought in a §2255 motion. See In re Vial,115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001).

Petitioner also argues that he is entitled to relief under § 2241 because he has exhausted administrative remedies in regards to this matter. Regardless, a motion filed under §2241 must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). The Court finds that because the petitioner is attempting to have his amended sentence vacated, he is seeking §2255 relief not §2241 relief.

Furthermore, in the petition, the petitioner attacks the validity of his sentence rather than the means of execution. A review of the petitioner's criminal docket shows that he has NOT applied for relief under 28 U.S.C. § 2255 in the sentencing Court. Thus, it is unclear why the petitioner seeks relief in this Court under § 2241, when relief under § 2255 is available in the sentencing Court.

For these reasons, the undersigned finds that the claims raised in the petition should have been raised either on appeal or in a § 2255 motion. Moreover, there is nothing in petitioner's § 2241 petition which demonstrates that he meets the Jones requirements. Consequently, petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a Section 2241 petition.

**B. I.F.R.P Claim**

The petitioner cites to the Court's decision in United States v. Miller, 77 F.3d 71 (4th Cir.

1996) as evidence that challenges of this nature can be brought under § 2241. This reliance on Miller, however, is misplaced.

The I.F.R.P. was enacted to assist an inmate "to meet his or her legitimate financial obligations"[2] and applies to "all inmates in federal facilities." 28 C.F.R. § 545.10. "The IFRP program serves valid penological interests and is fully consistent with the Bureau of Prisons' authorization, under the direction of the Attorney General, to provide for rehabilitation and reformation." Johnpoll v. Thornburgh, 898 F. 2d 849, 851 (2d Cir. 1990). Further, while the petitioner's failure to comply with the I.F.R.P. can have negative consequences on the inmate, see 28 C.F.R. § 545.11(d), compelled participation in the program neither is punitive in nature nor violates due process because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851. Therefore, the IFRP has been "uniformly upheld against constitutional attack." McGhee v. Clark, 166 F. 3d 884, 886 (7th Cir. 1999).

The Fourth Circuit Court of Appeals has held that "a district court may not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons or the probation officer." United States v. Miller, 77 F.3d 71, 78 (4th Cir. 1996). In Miller, the district court had ordered Miller to "make payments toward the $3,000 fine and the fifty-dollar restitution at such times and in such amounts as the Bureau of Prisons and/or the Probation Office may direct." The Fourth Circuit determined that the district court had improperly delegated its authority to the BOP and vacated the portion of Miller's sentence regarding the fine and restitution. Moreover, where the "court does not specify the term of payment or allow payments in installments, the restitution is payable immediately." United States v. Johnson, 48 F.3d 806, 808 (4th Cir. 1995); see also Miller

---

[2] Fines are inmate financial obligations. 28 C.F.R. § 545.11(a)(3).

77 F.3d at 77-78 (noting that 18 U.S.C. § 3572(d) provides that a "person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interests of justice, the court provides for payment on a date certain or in installments").

In this case, the sentencing court did not delegate its authority to set the amount and timing of fine payments to the Bureau of Prisons. The Court, in fact, did little to adjust the petitioner's sentence other than potentially easing the individual burden on the petitioner by adding his co-defendant as jointly and severally liable for the restitution damages. One could see this amendment as a positive, rather than a negative, as it could potentially make the petitioner liable for a significant amount less than the original judgment because two co-defendants will now be repaying rather than one. Because the amount and timing of the petitioner's fine were set by the sentencing court, and not delegated to the BOP, Miller is inapplicable to the petitioner's situation. See McGhee v. Clark, 166 F.3d 884 (7th Cir. 1998). Joining the co-Defendant jointly and severally does not release Defendant from having to pay the whole of the restitution unless his co-Defendant pays and then Defendant is only release from the obligation to pay that which has already been paid by the co-Defendant.

In addition, the petitioner has failed to establish that he was forced to participate in the IFRP upon entering imprisonment. Although the petitioner may have believed that he should have opted out of the I.F.R.P. earlier than he did, he continued to participate in order to avoid the consequences of being in I.F.R.P. "REFUSE" status. To the extent that he challenges those sanctions, as mentioned above, compelled participation in the I.F.R.P. neither is punitive in nature nor does it violate the due process clause because it is reasonably related to the legitimate government objective of rehabilitation. Johnpoll, 898 F. 3d at 851; see also Weinberger v. United States, 268 F.3d 346,

360 (6th Cir. 2001); McGhee v. Clark, supra; James v. Quinlan, 866 F.2d 627, 629 (3rd Cir. 1989); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir. 1992).

Further, as the petitioner had presumably signed a contract[3] agreeing to participate in the program and made eleven payments toward the restitution amount, the petitioner can be found to have acted voluntarily. The voluntary nature of the I.F.R.P. is further illuminated by the fact that the petitioner did ultimately opt out of the program six months after his transfer to FCI Gilmer. Since opting out of the program in September of 2008, all withdrawals from the petitioner's account have ceased and no further payments have been made. Thus, as the participation in the program and the payments made were most certainly voluntary, the petitioner is not now entitled to reimbursement of any amount previously paid.

Lastly, the reimbursement of restitution payments are simply not available to petitioners filing under § 2241. "In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494 (1973).[4] Thus, as monetary damages are not available under 28 U.S.C. § 2241, the petitioner's claim must be dismissed.

## V. Recommendation

For the foregoing reasons, the undersigned recommends the respondent's Motion to Dismiss (Dckt. 12) be **GRANTED** and the petitioner's § 2241 petition (Dckt. 1) be **DENIED** and **DISMISSED with prejudice**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the

---

[3] As he had with FCI Gilmer upon transfer. (Dckt. 1 at Ex. 3).

[4] See also Harris v. United States, 2007 WL 2897941 at FN. 2 (N.D. W. Va. Oct. 2, 2007) (unpublished)

9

portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: June 15, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE